**FILED**
**Apr 27, 2026**
**09:24 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **CLIFFORD MONTRELL HICKS,**<br>    **Employee,**<br>**v.**<br>**FULLEN DOCK AND**<br>**WAREHOUSE,**<br>    **Employer,**<br>**and**<br>**MANUFACTURERS ALLIANCE**<br>**INS. CO.,**<br>    **Carrier.** | **Docket No. 2023-08-7416**<br><br>**State File No. 81108-2023**<br><br>**Judge Shaterra R. Marion** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

Fullen Dock moved for summary judgment, asserting that Mr. Hicks cannot present evidence of a causal connection between his employment and his injury, which is an essential element of his claim. For the reasons below, the Court holds Mr. Hicks did not present the necessary evidence, and Fullen Dock is entitled to summary judgment as a matter of law.

### Procedural History

Mr. Hicks alleged work-related injuries to his neck, shoulders, and back sustained on June 21, 2022. After an expedited hearing, the Court denied his request for benefits and entered a scheduling order. Fullen Dock then filed this motion.

Mr. Hicks did not respond to the motion for summary judgment. The motion hearing took place on April 20, 2026, a Monday. The day before, a Sunday, Mr. Hicks attempted to call in to the hearing. After he emailed requesting confirmation of the hearing, Court staff informed Mr. Hicks of the correct date and time for the hearing.

On the hearing date, the Court waited five minutes before starting the hearing. Mr. Hicks did not appear. The hearing concluded ten minutes after the scheduled start time, and Mr. Hicks had still not appeared.

## Facts

Fullen Dock filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03 (2025). Because Mr. Hicks did not respond, the facts are unrebutted.

Among them, Dr. Christopher Pokabla, the only doctor to offer causation testimony, concluded that Mr. Hicks's employment "did not contribute more than 50 percent" in causing his current condition.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Fullen Dock must either: (1) submit affirmative evidence that negates an essential element of Mr. Hicks's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Fullen Dock meets this burden, Mr. Hicks must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-102(12), which requires expert medical proof that the injury arose primarily out of and in the course and scope of employment.

A Supreme Court Panel held that the trial court did not err in granting summary judgment, where the employee failed to respond to the motion or offer any medical evidence of causation. *Hutchins v. Cardinal Glass Indus.*, No. E2023-00587-SC-R3-WC, 2024 Tenn. LEXIS 3, at *11 (Tenn. Workers' Comp. Panel Jan. 11, 2024).

Considering the merits of Fullen Dock's motion, the Court finds it successfully negated the essential element of causation through Dr. Pokabla's testimony that Mr. Hicks's employment did not contribute more than 50% to his injury. It further demonstrated that Mr. Hicks cannot prove medical causation. Just

as in *Hutchins*, Mr. Hicks presented no medical evidence that his injury arose primarily out of and in the course and scope of his employment.

Thus, no genuine issue of material fact exists as to causation, and Fullen Dock is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED as follows:**

1. Fullen Dock's motion for summary judgment is granted, and Mr. Hicks's claim against Fullen Dock is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Fullen Dock under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026), for which execution may issue as necessary.

4. Fullen Dock shall prepare and submit the SD-2 with the Clerk within 10 days of the date of judgment.

**ENTERED April 27, 2026.**

_____
**JUDGE SHATERRA R. MARION**
**Court of Workers' Compensation Claims**

# CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on April 27, 2026.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Clifford Montrell Hicks, Employee's Attorney | X | X | ███████████████████ |
| Donna Wilkerson, Employer's Attorney | | X | dwilkerson@wimberlylawson.com |

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*